FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2015 JUN 10 PM 3: 42

UNITED STATES OF AMERICA

v.

TAMMY ANN SCHWIND

CASE NO. 5:15-cr-26-OC-10 PRL
18 U.S.C. § 641
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on or about May 5, 2013, and continuing to on or about October 17, 2014, in Citrus County, Florida, in the Middle District of Florida, and elsewhere,

**TAMMY ANN SCHWIND,**

the defendant herein, did knowingly and willfully embezzle, steal, and convert to her own use, money of the United States, that is the Dependency and Indemnity Compensation (DIC) benefits with Aid and Attendance benefits from the Department of Veterans Affairs, an agency of the United States, totaling in excess of $1,000, with the intent to deprive the United States and the Department of Veterans Affairs of the use and benefit of that money.

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE

1. The allegations contained in Count One of this Indictment, are hereby realleged and incorporated by reference for purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violation alleged in Count One of this Indictment, the defendant, **TAMMY ANN SCHWIND**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of said violation, including, but not limited to a money judgment in the amount of $19,091.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property, which cannot be divided without difficulty,

the United States of America shall be entitled to, and shall pursue, forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
BRYON R. AVEN
Assistant United States Attorney

By: _____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Ocala Division

THE UNITED STATES OF AMERICA

vs.

TAMMY ANN SCHWIND

## INDICTMENT

Violations:

18 U.S.C. § 641

A true bill,

_____
Foreperson

Filed in open court this __10__ day

of June, 2015.

_____
Clerk

Bail  $_____

GPO 863 525